IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

WILLIAM J. WOODMAN                                                                    PLAINTIFF

v.                                            No. 4:08CV00364 JLH

CITY OF HAZEN, ARKANSAS                                                              DEFENDANT

### OPINION AND ORDER

This is an action for overtime allegedly due the plaintiff by the City of Hazen pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. William J. Woodman worked as a police officer with the Hazen Police Department from 1999 to 2008. Woodman alleges that he was not compensated for all of his off-duty care and training of the canine, Arko, that was assigned to him in 2004 under the department's canine program. The City of Hazen has filed a motion for summary judgment, and Woodman has responded. The Court, having reviewed all materials submitted by the parties and relied on for authority, hereby denies the motion for summary judgment for the reasons stated below.

**I.**

A court should enter summary judgment if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Cheshewalla v. Rand & Son Constr. Co.*, 415 F.3d 847, 850 (8th Cir. 2005). A genuine issue of material fact exists only if there is sufficient evidence to allow a jury to return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 249, 106 S. Ct. at 2511.

## II.

William J. Woodman was employed by the City of Hazen as a police officer from 1999 until January 2008. In October 2004, the Hazen Police Department purchased a canine named Arko, and Woodman was assigned to Arko. Woodman kept Arko at his residence when he was not working, and he was responsible for the care and training of Arko, which included feeding Arko twice each day, providing Arko with water, grooming and exercising Arko, and cleaning Arko's kennel.

Like other officers in the Hazen Police Department, Woodman filled out a time sheet every two weeks indicating the hours that he had worked during that time period, and he gave the time sheet to his supervisor, former Chief of Police Scot Strong. Woodman's pay was calculated based on the amount of hours he reported on the time sheets. Woodman was responsible for documenting the time that he worked, but if Strong found a discrepancy in any of Woodman's time sheets, Strong and Woodman would talk about the issue and resolve it together.

In addition to his standard officer duties, Woodman had the added responsibility of caring for Arko. Initially, Woodman did not expect any change in pay as a result of his work as a canine officer. Whenever Woodman included canine activities on his time sheets, the City of Hazen compensated him for that work. Sometimes Woodman included on his time sheets hours that he had worked when he and the dog were called out on a canine assignment. The City always compensated him for those hours as well, even if they were off-duty hours. Woodman also was compensated for at least some of Arko's training that occurred downtown while Woodman was on duty. Woodman claims that in 2006 he learned that he could be compensated for all of his canine duties, including the daily care and training of Arko.

Woodman filed this lawsuit on April 28, 2008, seeking a declaratory judgment and claiming damages for past-due overtime pay under the FLSA. Although the City of Hazen compensated Woodman for the canine work that he reported on his time sheets, Woodman claims that the City was aware of the off-duty canine work that he performed but did not report on his time sheets. Woodman alleges that Strong, his supervisor, informed Hazen Mayor David Duch that Woodman was not but should be compensated for all of his canine duties, including the care and training of Arko. The City of Hazen denies that it was ever aware that Woodman was not being fully compensated for his work, and the City now moves for summary judgment.

### III.

According to the FLSA, a covered employee is entitled to overtime pay for any time over forty hours per week that the employee works. 29 U.S.C. § 207(a) (2006). Although the term "work" is not defined in the FLSA, compensable time includes work that is "suffer[ed] or permit[ted]." 29 U.S.C. § 203(g); *Armour & Co. v. Wantock*, 323 U.S. 126, 132, 65 S.Ct. 165, 168, 89 L.Ed. 118 (1944). The FLSA also covers work performed off-duty, including "activities performed either before or after [the] regular work shift . . . if those activities are an integral and indispensable part of the principal activities for which the covered employees are employed." *Steiner v. Mitchell*, 350 U.S. 247, 256, 76 S.Ct. 330, 335, 100 L.Ed. 267 (1956). An employer who " 'knows or has reason to believe' " that the employee is working overtime is obligated to compensate the employee. *Reich v. Stewart*, 121 F.3d 400, 407 (8th Cir. 1997) (quoting *Mumbower v. Callicott*, 526 F.2d 1183, 1188 (8th Cir. 1975)). Even if the employee does not make a claim for the overtime, the employee is entitled to compensation. *Forrester v. Roth's I.G.A. Foodliner, Inc.*,

646 F.2d 413, 414 (9th Cir. 1981); *Dixon v. City of Forks*, No. C08-5189 FDB, 2009 WL 1459447, at *3 (W.D. Wash. May 26, 2009).

To prevail on his FLSA claim for uncompensated overtime, Woodman must prove that the activity for which compensation is sought constitutes "work" under the FLSA and that the City of Hazen had actual or constructive knowledge of his overtime work. A number of courts have found that the time a police officer spends caring for or training his or her assigned canine constitutes compensable work time under the FLSA. *Brock v. City of Cincinnati*, 236 F.3d 793, 804 (6th Cir. 2001); *Reich v. New York City Transit Authority*, 45 F.3d 646, 651 (2d Cir. 1995); *Dixon*, 2009 WL 1459447, at *3; *Baker v. Stone County, Mo.*, 41 F. Supp. 2d 965, 1000 (W.D. Mo. 1999)); *Karr v. City of Beaumont, Tex.*, 950 F. Supp. 1317, 1322-23 (E.D. Tex. 1997); *Truslow v. Spotsylvania County Sheriff*, 783 F. Supp. 274, 279 (E.D. Va. 1997); *Hellmers v. Town of Vestal, N.Y.*, 969 F. Supp. 837, 842 (N.D.N.Y. 1997); *Albanese v. Bergen County, N.J.*, 991 F. Supp. 410, 420 (D.N.J. 1997); *Treece v. City of Little Rock, Ark.*, 923 F. Supp. 1122, 1125 (E.D. Ark. 1996); *Andrews v. DuBois*, 888 F. Supp. 213, 217 (D. Mass. 1995); *Levering v. D.C.*, 869 F. Supp. 24, 26 (D.D.C. 1994); *Nichols v. City of Chi.*, 789 F. Supp. 1438, 1445 (N.D. Ill. 1992).

The key issue, then, is whether the City or its agents had actual or constructive knowledge that Woodman was working overtime. *Stewart*, 121 F.3d at 407; *Davis v. Food Lion*, 792 F.2d 1274, 1276 (4th Cir. 1986). The fact that Woodman initially did not seek overtime pay is irrelevant to whether the FLSA entitles him to overtime compensation. *Stewart*, 121 F.3d at 407. "[A]cceptance by an employee of payments of regular and overtime wages will not stop him from suing to recover the amount due him when he proves he actually worked longer." *Robertson v. Alaska Juneau Gold Mining Co.*, 157 F.2d 876, 879 (9th Cir. 1946).

The City argues that it was impossible to know–either actually or constructively–that Woodman was not compensated for all of his overtime because Woodman failed to disclose such overtime on his time sheets. However, that is not the case. Employees may recover unpaid wages for overtime hours that were not recorded on their time sheets if they can prove that the employer knew or should have known about the overtime work through some alternative source. *Bailey v. County of Georgetown*, 94 F.3d 152, 157 (4th Cir. 1996). "[O]nce an employer knows or has reason to know that an employee is working overtime, it cannot deny compensation even where the employee fails to claim overtime hours." *Holzapfel v. Town of Newburgh, N.Y.*, 145 F.3d 516, 524 (2d Cir. 1998); *see also Newton v. City of Henderson*, 47 F.3d 746, 748 (5th Cir. 1995); *Forrester*, 646 F.2d at 414; *Caserta v. Home Lines Agency, Inc.*, 273 F.2d 943, 946 (2d Cir. 1959). Failing to include off-duty time spent caring for and training an assigned police canine does not preclude the employee from recovering compensation for such work. *Baker v. Stone County, Mo.*, 41 F.Supp.2d 965, 1000-01 (W.D. Mo. 1999). Ultimately, a court need only inquire "'whether the circumstances were such that the employer either had knowledge of overtime hours being worked or else had the opportunity through reasonable diligence to acquire knowledge.'" *Kautsch v. Premier Communications*, No. 06-CV-04035-NKL, 2007 WL 3376711, at *2 (W.D. Mo. Nov. 7, 2007) (quoting *Reich v. Dep't of Conservation and Natural Res., State of Ala.*, 28 F.3d 1076, 1082 (11th Cir. 1994)).

The parties genuinely dispute whether the City of Hazen had actual or constructive knowledge that Woodman was not compensated for the off-duty time he spent caring for and training his assigned canine, Arko. In its motion for summary judgment, the City alleges that it was never aware that Woodman performed canine duties other than those recorded on his time sheets. The City

denies that Strong informed Mayor Duch that Woodman was not paid for all of the time he spent working with Arko. Rather, the City contends that Mayor Duch was unaware that Woodman was working overtime and not getting paid. Woodman, on the other hand, alleges that the City knew he was not compensated for all of the overtime he worked. Woodman offers as evidence a signed affidavit in which Strong attests that he personally informed Mayor Duch that Woodman was not compensated for all the time he spent caring for and training Arko. According to Strong, the Mayor said that he did not have to pay Woodman for that work. Whether the Mayor was aware that Woodman was not being compensated for all of his work is a genuine issue of material fact on which the evidence is in conflict. Mayor Duch has sworn in an affidavit that he was unaware that Woodman was not being paid for all the time he spent working for the City, but Strong has sworn in an affidavit that he told Mayor Duch that Woodman was not being paid for all of his time with Arko and that Mayor Duch said it was not necessary to do so. A trial will be necessary to resolve this factual dispute.

## CONCLUSION

For the reasons stated above, the City of Hazen's motion for summary judgment is DENIED.

IT IS SO ORDERED this 19th day of August, 2009.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE